IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DARREN LEE NORMAN**                                                                                    **PLAINTIFF**

**V.**                                    **CASE NO. 3:17-cv-03069**

**SHERIFF JOHN MONTGOMERY;
JAIL ADMINISTRATOR BRAD
LEWIS; SERGEANT ERIC NEAL;
and JOHN DOE JAILER ONE AND
TWO, Baxter County, Arkansas**                                                                          **DEFENDANTS**

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Darren L. Norman, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and has filed an application to proceed *in forma pauperis* ("IFP") (Doc. 2). He is currently incarcerated in the Arkansas Department of Correction, Pine Bluff Unit. The events at issue in this case occurred while he was incarcerated in the Baxter County Detention Center ("BCDC").

The Prison Litigation Reform Act ("PLRA") modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

According to the allegations of the Complaint (Doc. 2), on August 18, 2014,[1] Plaintiff was not feeling well and reported this to jailers, but nothing was done. At medication call, Plaintiff got weak, shaky, and his head started hurting as he walked to the door. The next thing he recalls is waking up while emergency medical technicians ("EMTs") were putting him on a stretcher to transport him to the emergency room. Plaintiff alleges his chest hurt like he had been beaten. The emergency room doctor looked at Plaintiff's chest and it was bleeding. A jailer present in the emergency room told the doctor they had been rubbing Plaintiff's chest during a seizure to get the Plaintiff to come to. Plaintiff alleges he had an eight-inch long by two-inch wide open area on his sternum.

According to Plaintiff, the doctor told the jailer "not to ever do [that] again." Plaintiff's wound was dressed. He was treated for seizures and returned to the BCDC. Plaintiff indicates that at the BCDC, he did not receive the wound care ordered by the doctor.

Plaintiff indicates that pictures were taken of the wound. He also contends there is video footage that shows a jailer laughing as he was performing "excessive force on [Plaintiff's] chest." Plaintiff asserts the following claims: excessive force, police misconduct, unauthorized medical procedure, and discrimination against him based on his mental handicap. He seeks compensatory damages, a written apology, and additional training for the jailers. He sues the Defendants in their official capacities only.

---

[1] This lawsuit was filed on August 17, 2017, in the Eastern District of Arkansas, within the three year statute of limitations applicable to § 1983 cases. *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004)(Arkansas's three year statute of limitations applies to § 1983 cases).

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff has not alleged facts sufficient to assert a plausible official capacity claim. Official capacity claims are "functionally equivalent to a suit against the employing governmental [or institutional] entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A Plaintiff "seeking to impose liability on a municipality under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." *Board of County Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal liability will attach: (1) where a particular policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged that the existence of any custom or policy was the moving force behind the alleged constitutional violation. Plaintiff has not alleged a plausible official capacity claim. Accordingly, as submitted to the Court, the complaint is subject to dismissal.

### III. CONCLUSION

Plaintiff has failed to allege any plausible official capacity claims under 42 U.S.C. § 1983. Plaintiff is given until **September 28, 2017** to file an amended complaint to plead sufficient facts and address the deficiencies identified in this Opinion and Order. Plaintiff is advised that failure to file the amended complaint will result in the dismissal of this case.

**IT IS SO ORDERED** this 8th day of September, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE