IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DARREN LEE NORMAN**                                                      **PLAINTIFF**

v.                                         Civil No. 3:17-CV-03069

**SHERIFF JOHN MONTGOMERY;**
**JAIL ADMINISTRATOR BRAD LEWIS;**
**SGT. ERIC NEAL; et al.**                                     **DEFENDANTS**

## OPINION AND ORDER

The instant matter is a civil rights action filed by the Plaintiff, Darren Lee Norman, pursuant to 42 U.S.C. § 1983. Before the Court is Separate Defendant Sheriff John Montgomery's Motion to Dismiss. (ECF No. 15).

### I. BACKGROUND

Plaintiff filed his Complaint on August 17, 2017, proceeding *pro se* and *in forma pauperis*. (ECF No. 2). An Amended Complaint was filed on September 26, 2017. (ECF No. 9). Plaintiff alleges a delay of medical care and excessive use of force while he was incarcerated at the Baxter County Detention Center. (ECF No. 9).

Separate Defendant Montgomery argues that Plaintiff's Complaint fails to allege any actionable wrongdoing against him either in his personal or official capacity and that the Complaint should be dismissed against him. The Plaintiff has not responded to the Separate Defendant's motion.

### II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

Here, the Plaintiff has sued Separate Defendant Montgomery in both his personal and official capacities. Clearly, the Plaintiff has not set forth a claim against Separate Defendant Montgomery in his personal capacity because he has not pleaded facts suggesting that Separate Defendant Montgomery was personally involved in the alleged delay of medical care and excessive use of force. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("a plaintiff must plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution").

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A Plaintiff "seeking to impose liability on a municipality under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." *Board of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with 'deliberate indifference' to

2

its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009).

Plaintiff has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate" and has not pointed to a "'deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters.'" *Jenkins v. Cnty. of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009) (quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)).

Further, "a custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id*. at 634 (internal quotation marks and citation omitted). Plaintiff has simply not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct.

### IV. CONCLUSION

For the reasons set forth above, the Court finds that the Separate Defendant Sheriff John Montgomery's Motion to Dismiss (ECF No. 15) should be, and hereby is **GRANTED** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE WITH RESPECT TO ALL CLAIMS AGAINST SEPARATE DEFENDANT MONTGOMERY.**

**IT IS SO ORDERED** on this 7th day of December 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE